"The defendant has in effect requested, via a motion to suspend and motion for enlargement of time, that all proceedings in the captioned cases be suspended pending our resolution of the motion for summary judgment in the Bill Wells case, No. 504-76. Trial Judge Browne denied the *999 motions on November 9, 1977, and set all the cases for trial commencing February 13, 1978, and continuing, seriatim, through March 13, 1978. Defendant is now seeking prompt review of Trial Judge Browne’s November 9, 1977, order pursuant to Rule 53(c)(2)(ii).
"A complicating factor is that there are three other cases presently pending before other trial judges. Donna Jean, Inc. v. United States, No. 105-77, is pending before Trial Judge White. In that case Trial Judge White denied the defendant’s motion to suspend without prejudice should the parties subsequently agree that the decision in Bill Wells be binding. Leonard v. United States, No. 121-77, and Litrico v. United States, No. 517-77, are pending before Trial Judge Yock. Trial Judge Yock suspended proceedings in Leonard. No such action has been taken in Litrico; however, Litrico was just recently filed (October 17, 1977).
"All the above cases involve withholding tax, unemployment tax, and social security tax questions and the duty of the employer to collect and pay the taxes over to the Internal Revenue Service. I.R.C. §§ 3101, 3111, 3301, and 3402. The controlling issue in all is whether the fishermen in each case are employees or independent contractors.[1] The factual setting of all these cases also is quite similar, although not identical.
"The defendant has selected another case, Bill Wells, Jr., T/A Wells Shrimp Co. v. United States, No. 504-76, involving the same questions, issue, and factual pattern, for a test motion for summary judgment. The motion for summary judgment in that case and the plaintiffs objection thereto have been filed with the clerk’s office as of December 6, 1977. Fifteen days from December 6, 1977, the defendant’s reply brief is due. Rule 52(b)(2). After that, assuming no extension of time is requested or granted, the summary judgment motion in Bill Wells will be ready for our consideration.
"We note that none of the plaintiffs in the captioned cases nor the plaintiff in Donna Jean, Inc. v. United States, supra, have agreed to be bound by the decision in Bill *1000 Wells. Despite this and the factual nature of the employee/independent contractor issue generally, we feel judicial economy requires the granting of the motion to suspend and motion for enlargement of time pending our resolution of the defendant’s motion for summary judgment in the Bill Wells case. We hold this to be especially true in the captioned cases for the plaintiffs did not oppose such action before Trial Judge Browne. However, we feel that defendant’s request for 60 days beyond our resolution of the summary judgment motion in Bill Wells is needlessly dilatory, as the plaintiffs contended before Trial Judge Browne. Therefore,
"it is ordered that defendant’s request for prompt review be and hereby is granted. Further, it is ordered that defendant’s motion for enlargement of time in Nos. 362-76, 371-76, 372-76, 456-76, 502-76, and 516-76 pending our resolution of the summary judgment motion in Bill Wells, supra, be and hereby is granted. It is further ordered that defendant’s motion to suspend proceedings in Nos. 344-76, 345-76, and 503-76 pending our resolution of the summary judgment motion in Bill Wells be and hereby is granted. The defendant’s request in both motions for 60 days beyond our resolution of the summary judgment motion in Bill Wells is hereby denied.”

 The discrimination and estoppel issues raised by some of the plaintiffs were severed from the employee/independent contractor issue pursuant to our order of November 18, 1977.